**Henry E. HILDEBRAND, Trustee, Plaintiff–Appellee,**

**Johnny Hal Campbell, Plaintiff–Appellant/Cross–Appellee,**

v.

**FORTIS BENEFITS INSURANCE COMPANY, Defendant–Appellee/Cross–Appellant.**

**Nos. 01–5903, 01–5905.**

United States Court of Appeals, Sixth Circuit.

July 11, 2003.

Before: BOGGS and GILMAN, Circuit Judges; and DOWD, District Judge.*

OPINION

GILMAN, Circuit Judge.

Johnny Hal Campbell appeals the denial of his claim for long-term disability benefits. The claim is based upon his employer's group disability policy that is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. He contends that his depression is caused by a physiological condition and, as a result, that his disability was improperly categorized by the Fortis Benefits Insurance Company as a "special condition" for which benefits are payable for only 12 months. Fortis, on the other hand, contends that the district court properly found that Campbell's depression was not primarily caused by his physiological condition. And even if it were, Fortis maintains that the terms of the policy preclude Campbell from receiving benefits beyond the 12–month special-conditions limitation. The district court determined that the Fortis plan administrator's decision that Campbell is entitled to no further benefits was correct. For the reasons set forth below, we AFFIRM the judgment of the district court.

* The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

## I.  BACKGROUND

Campbell was employed by U.S. Air as a reservation sales agent. In 1990, he became insured under the company's group long-term disability plan. Campbell filed a disability claim in April of 1995. On his claim form, Campbell stated that he was disabled due to "chronic and major depression due to chemical imbalance."

Plan benefits are limited for certain "special conditions" to a period of 12 months. "Special conditions" are defined in the plan to mean "mental illness except schizophrenia; dementia; organic brain syndromes; delirium; amnesia syndromes; or organic delusional or hallucinogenic syndromes." "Mental illness" in turn is defined as "neurosis, psychoneurosis, psychopathy, psychosis, *depression*, eating and sleeping disorders, or mental or emotional diseases or *disorders of any kind including those caused by chemical imbalance*." (Emphasis added.)

Fortis paid benefits to Campbell for the 12–month special-conditions period. At the end of that time, Campbell claimed that he was entitled to long-term benefits because he was indefinitely disabled. Fortis continued to pay Campbell benefits during the course of his administrative appeals, which lasted until the spring of 1999. Campbell's arguments have essentially remained the same throughout this process. He suffers from a multitude of physical health problems, including hypothyroidism. Campbell maintains that his hypothyroidism is the cause of his depression. Based upon the alleged ambiguity in the policy language and the circumstances surrounding his depression. Campbell contends that he is eligible for benefits beyond the policy's 12–month special-conditions limitation.

Fortis had Campbell's file reviewed by numerous doctors and had him independently examined. In addition, both the district court and Fortis took into consideration the opinion of Dr. Judith Akin, Campbell's treating psychiatrist and the doctor upon whose opinion he principally relies. Fortis determined, based upon all of the medical information received, that Campbell's disability fell under the special-conditions category.

Upon Campbell's motion for summary judgment and Fortis's cross-motion to deny relief, the district court issued a memorandum opinion and order on September 29, 2000, in which it found that Campbell was not entitled to further benefits. The district court construed Campbell's motion as a motion for entry of judgment, procedurally following this court's holding in *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir.1998) (holding that summary judgment was improper for the adjudication of ERISA actions and that district courts should consider the evidence contained in the administrative record and render findings of fact and conclusions of law accordingly). This timely appeal followed.

## II. ANALYSIS

### A. Standard of review

"We review a district court's determination regarding the proper standard to apply in its review of a plan administrator's decision *de novo.*" *Hoover v. Provident Life & Accident Ins. Co.*, 290 F.3d 801, 807 (6th Cir.2002). The Supreme Court held in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), that an administrator's decision to deny benefits must be reviewed de novo unless the plan gives the administrator discretionary authority to determine eligibility for benefits. This court held in *Perez v. Aetna Life Insurance Co.,* 150 F.3d 550, 555 (6th Cir.1998) (en banc), that

the "arbitrary and capricious" standard of review is utilized in cases where the plan administrator has discretionary authority to determine eligibility for benefits. The plan need not necessarily use the words "discretionary authority" in order to constitute a clear grant of discretion to the plan administrator. *Id.*

In the present case, the district court held that the language in Fortis's policy did not grant the plan administrator discretion to decide eligibility for claims. The court therefore reviewed the plan administrator's decision de novo. Fortis contends that this was error, but that it is not an error that has any bearing on the outcome of this case in light of the district court's decision on the merits. Campbell does not directly respond to this argument, instead contending that the plan administrator's decision was arbitrary and capricious. The relevant language in Fortis's plan reads as follows:

> We will pay benefits at the end of each month ... for which we are liable, after we receive the required proof. If any amount is unpaid when disability ends, we will pay it when we receive the required proof.... You must furnish whatever items we decide are necessary as proof of loss or to decide our liability.

We have found no precedent that directly controls the precise language employed in Fortis's policy. Although we are inclined to believe that the district court erred in holding that the plan administrator lacked discretionary authority under the above-quoted language, we agree with Fortis that it is not necessary for us to definitively decide the question in this case. The district court affirmed the decision of the plan administrator using the more stringent de novo standard of review. Because Campbell's arguments on appeal offer no persuasive reason for us to reverse the district court's decision, there is

no need to further explore the standard-of-review issue.

### B. The district court correctly upheld the plan administrator's determination of Campbell's disability-benefits claim

Campbell's arguments break down into three main categories. He argues that (1) the ambiguous terms of the policy should obviate the determination that Campbell qualifies for only short-term disability benefits, (2) this court should weigh the opinion of his treating physician. Dr. Judith Akin, more heavily than the other medical opinions in the administrative record, and (3) he should be given long-term benefits because of his physical health problems, regardless of the categorization of his depression.

Starting with Campbell's first argument, the district court held that there was no ambiguity in the policy's use of the terms "depression," "mental illness," "mental ... diseases ... caused by chemical imbalance," and "organic brain syndrome." The district court and many of the experts whose opinions are in the administrative record nevertheless agreed that these terms are medically imprecise. Specifically, Campbell contends that the word "depression" is ambiguous.

Dr. Akin, in accordance with the Diagnostic and Statistical Manual of Mental Disorders (DSM–IV), diagnosed Campbell as having "Organic Mood Disorder–Depression secondary to hypothyroidism." Campbell contends that this kind of depression is different from "Major Depression" (which is also a condition with which he has been diagnosed at various times, including by Dr. Akin) and that it is unclear whether "depression" as defined by the policy includes the broader kind of depression from which he claims to suffer. He further argues that the phrase "due to a chemical imbalance" does not necessarily

include the hypothyroidism from which he suffers. Finally, Campbell contends that the term "organic brain syndrome"–an exception to the special-conditions limitation–is so ambiguous that it could include the "Organic Mood Disorder" that Dr. Akin had diagnosed.

■ The policy terms are in fact medically imprecise, but that is of no benefit to Campbell under the circumstances of this case. To start with, he filed his claim on the basis of "depression due to a chemical imbalance," thus placing himself squarely within the 12–month limitation on the period of benefits. Campbell also clearly suffers from depression. Indeed, the district court made this finding even under the more medically precise terminology of the DSM–IV. Finally, the court found that Campbell had failed to establish that his depression was etiologically linked to his hypothyroidism. It thus concluded that there was no basis to find that Campbell fell outside the special-conditions limitation, and we see no reason to disturb that conclusion.

■ Campbell's second argument is that the medical opinion of his treating physician, Dr. Akin, should be weighed more heavily than those of the other medical doctors and psychologists who either examined Campbell or reviewed his record. In making this argument, Campbell urges the adoption of the "treating physician evidentiary rule" from the Social Security context. The Supreme Court, however, has held that ERISA does not require plan administrators to accord special deference to the opinions of treating physicians. *Black & Decker Disability Plan v. Nord,* — U.S. ——, 123 S.Ct. 1965, 1967, 155 L.Ed.2d 1034 (2003). In any event, Dr. Akin's opinion, upon which Campbell places his greatest reliance, acknowledges that Campbell continues to suffer from "Major Depression" even when his hor-

mones are in balance. The record of his treatment supports this finding. Campbell's disability claim therefore falls under the special-conditions limitation even if we take the narrowest view of the term "depression" found in the policy and give considerable weight to Dr. Akin's opinion.

Finally, in his motion for reconsideration, Campbell tacked on the argument that regardless of the categorization or origin of his depression, his physical problems are such that he should qualify for long-term benefits under the policy. But, as the district court accurately pointed out, "[t]he only claim Mr. Campbell submitted to [Fortis] was submitted on April 25, 1995 for 'chronic and major depressive disorder due to chemical imbalance.'" Campbell therefore has no basis upon which to make this belated argument.

Looking at the administrative record as a whole, we find no reason to reverse the district court's decision. This is true regardless of the standard of review used.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.